UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                    v.                          **Hon. Hugh B. Scott**

                                            03CR62A

JOSEPH DETTELIS,                             **Order**

                    Defendant.

Before the Court is the renewed (see Docket No. 105, Apr. 26, 2005, Order at 2; text minute entry Apr. 13, 2005; see also Docket No. 99 (defendant's affidavit seeking removal of standby counsel)) motion by Assistant Public Defender John Humann, standby counsel in this prosecution, to be relieved as standby counsel (Docket No. 106)[1]. Defendant, proceeding pro se, filed a notice to terminate this motion (Docket No. 108), complaining that Humann erroneously called himself "Attorney for Defendant". Regardless of this harmless error, see Fed. R. Crim. P. 52(a), the Court has considered Humann's motion. Humann supplemented this motion with an affirmation outlining defendant's pending claims against the Federal Public Defender's office (among other entities) for false imprisonment defendant claims for his over two years in pretrial detention (Docket No. 116, Affirm. ¶¶ 2, 3, Ex. A at 2). While the notice of claim names that office, it does not specify what actions (or inactions) were done by that office.

---

[1] Also pending is (1) defendant's motion to reconsider the bail set by Chief Judge Arcara (Docket No. 112), (2) defendant's notices of appeal from the detention and later bail determinations of this Court (Docket Nos. 101, 109), (3) defendant's notice of appeal (Docket No. 107) from the Order disposing of several motions and setting forth the latest scheduling Order (Docket No. 105).

The right to self-representation, see Faretta v. California, 422 U.S. 806 (1975), requires that the pro se defendant "must be allowed to control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial." McKaskle v. Wiggins, 465 U.S. 168, 174 (1984) (hereinafter "Wiggins").  The Court can appoint standby counsel, even over the objection of the defendant.  Standby counsel aids the defendant if and when the accused requests help and can facilitate the pro se defendant in exercising his right to represent himself and conduct his own defense.  Faretta, supra, 422 U.S. at 834 n.46, 821.  That counsel's role is limited to preserve the defendant's actual control over the case and its presentation to the finder of fact and to not destroy the perception that the defendant is representing himself.  Wiggins, supra, 465 U.S. at 178-79.  A defendant can waive this right and have counsel act in a more extensive manner.  Id. at 182; United States v. Mills, 895 F.2d 897, 903 (2d Cir.), cert. denied, 495 U.S. 951 (1990).  The defendant does not have the right to appointment of standby counsel of his choice and the appointment of standby counsel is within the discretion of the Court.  Mills, supra, 895 F.2d at 904.  Standby counsel for a pro se defendant serves as an officer of the Court, see Betts v. Brady, 316 U.S. 455, 471-72 (1942) (court has power to appoint counsel where that course seems required in the interest of fairness); Powell v. Alabama, 287 U.S. 45, 73 (1932) (attorneys are officers of the court and bound to render service when required by such appointment), to assist the Court in being available to provide advice to the defendant as to the procedures and requirements of the Court, see Wiggins, supra, 465 U.S. at 183.  This "relieve[s] the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the

way of the defendant's achievement of his own clearly indicated goals." Id. at 184.   Standby counsel furthers the Court's own interest "in the fair, speedy and efficient disposition of cases on its criminal docket." United States v. Bertoli, 994 F.2d 1002, 1017 (3d Cir. 1993) (holding that law firm could be ordered to remain as standby counsel to pro se defendant).

Here, standby counsel (and previously the pro se defendant, see Docket No. 99) seeks to withdraw because (1) defendant no longer seeks his services, (2) defendant is asserting claims against Mr. Humann's office.  (Docket No. 106, Humann Affirm. ¶¶ 2, 3; Docket No. 116, Humann Affirm. ¶¶ 2-4).  On the first reason, defendant can seek whatever advice from standby counsel he wishes or none at all (unless the Court counsels defendant to consult with standby counsel before proceeding).  As discussed above, the role of the standby counsel is to assist the Court and to assist the pro se defendant in navigating the shoals of federal practice and practice before this Court.  Ultimate decisions in the case remain defendant's.  As for the second reason, the claim as documented to the Court does not appear to create a conflict of interest.  Standby counsel's role here is to facilitate the fair, speedy and efficient disposition of this action, see Bertoli, supra, 994 F.2d at 1017.

For the reasons stated above, John Humann's motion (Docket No. 106) to be relieved as standby counsel in this case is **denied**; defendant's notice to terminate this motion (Docket No. 108) is **dismissed**.

So Ordered.

s/HBS
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      June 30, 2005