UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                    **Hon. Hugh B. Scott**

                v.

                                                    03CR62A

                                                      **Order**

JOSEPH DETTELIS,

                Defendant.

---

      Before the Court is defendant's motion for extension of time make motions to July 27, 2005 (Docket No. 122). The Court granted this motion on July 19, 2005 (Docket No. 123). Almost simultaneously, the Government filed its objection to defendant's latest motion (Docket No. 124), noting that this is defendant's (either through counsel or pro se) fifth request to extend the schedule in this action and noting that other motions have delayed prosecution of the merits of this case (id. at 2-5). The Government contends that its time to respond to any motion defendant files not be reduced by the extension granted to defendant. Under the current sixth Scheduling Order in this case, motions were due by July 11, 2005, with responses due August 12, 2005, and argument scheduled for August 15, 2005 (Docket No. 105, Order at 3)[1]. Instead of

---

[1] Currently pending (but not directly related to the scheduling issues presented in this motion) are a series of appeals filed by defendant, see table infra, with the Second Circuit Docket No. 05-2369-cr for at least one of the appeals, including an appeal of the Order establishing the current schedule in this case, Docket No. 107. Also pending are motions for reconsideration of bail conditions, Docket No. 110, or for reduction of bail, Docket Nos. 112, 121.

filing a substantive motion, defendant made the present motion for extension of time (Docket No. 122, dated July 7, 2005, filed July 11, 2005).

Given the brevity of time sought by defendant and recognizing this Court's earlier Order that the last Scheduling Order issued herein was intended to be "the final scheduling Order issued by the Court and no further extensions will be granted," the Court granted defendant's latest request. To be clear, no further extensions will be entertained or granted merely upon the contention that defendant cannot prepare for trial due to his detention or the status of bail.

Underlying defendant's latest motion and the Government's objection thereto is the issue of speedy trial. Defendant was indicted on March 11, 2003 (Docket No. 1) and made his initial appearance and was arraigned on May 1, 2003 (Docket No. 4). As the parties are well aware, numerous delays have occurred in this case since that initial appearance. Some arose from direct requests for extensions by defense counsel (Docket Nos. 16, 20, 36), or by defendant's requests while proceeding pro se (Docket Nos. 85, 122). Additional time was spent in replacing defense counsel, either by adding lead counsel or later allowing defendant to proceed pro se (Docket

| Notice of Appeal Docket No., Date | Order Appealed from, Docket No. |
|---|---|
| 101, Apr. 13, 2005 | 68, Magistrate Judge Order denying motion for release, denying reconsideration of order of detention |
| 107, May 13, 2005 | 105, Magistrate Judge Order granting in part, denying in part motion to extend time for discovery; denying motion to discharge standby counsel |
| 109, May 11, 2005 | 103, District Judge Order setting bail conditions |
| 125, July 20, 2005 | 105, Magistrate Judge Order re denying motion to discharge standby counsel, amended notice |
| 126, July 20, 2005 | 120, Magistrate Judge Order denying motion of standby counsel to withdraw, amended notice |

Nos. 22-24, 27, 53, 58), including the process to determine defendant's competence to stand trial (Docket Nos. 43, 48, 49, 53). Then much of the delay stems from defendant's repeated motions challenging his pretrial detention and now his motions challenging his bail conditions (e.g., Docket Nos. 71-73). Defendant at one point moved for extension of time to complete discovery (Docket No. 85). Each subsequent scheduling Order found that the Speedy Trial clock was stopped by this motion practice. (Docket Nos. 48, 49, 53, 68, 79; see Docket Nos. 31, 32, 44.)

Under the Speedy Trial Act, the government then had seventy days from latter of the filing date "(and making public) of the . . . indictment," 18 U.S.C. § 3161(c)(1), or the date of defendant's appearance before a judicial officer (or May 1, 2003) to have the case ready for trial. Where a defendant's conduct causes or contributes to a period of delay, that time may be excluded from the running of the Speedy Trial clock. United States v. Gambino, 59 F.3d 353, 360-61 (2d Cir. 1995), cert. denied, 517 U.S. 1187 (1996); United States v. Oberoi, 295 F. Supp. 2d 286, 295-96 (W.D.N.Y. 2003) (Arcara, Ch. J.).

Under the Speedy Trial Act, the time while motions are pending is excluded from Speedy Trial calculation. 18 U.S.C. § 3161(h)(1)(F). Often defendant was reminded that, with each motion filed, ultimate determination of the case was delayed and the Speedy Trial clock was stopped. (Docket No. 88, Tr. of Dec. 17, 2004, at 14, 16-17; see also Docket No. 102, Tr. of Mar. 22, 2005, at 9 (informing standby counsel of caution given to defendant that each motion he files delays the case further)). The Court reiterates that by filing motions, the Speedy Trial clock stops and trial of the merits of this case is delayed. Following the Orders disposing of the detention reconsideration and other motions (see Docket Nos. 103, 105), this Court's sixth Scheduling Order contemplated possible motion practice, hence the Speedy Trial clock remains

stopped for that basis.  See id.; Oberoi, supra, 295 F. Supp. 2d at 293-95 (citing Second Circuit Speedy Trial Guidelines and § 3161(h)(1)).  In Oberoi, this Court found that the time from when the Court determines motion papers are required until the date of oral argument is excluded from Speedy Trial calculation.  Oberoi, supra, 295 F. Supp. 2d at 294-95, 295.  Defendant also still has pending his interlocutory appeals (see note 1, supra) which, by themselves, stops the Speedy Trial clock, see 18 U.S.C. § 3161(h)(1)(E) (exclude time for any interlocutory appeal).

   Since defendant's appearance on the indictment, time has been excluded from the Speedy Trial clock for various reasons (pretrial motions, competency examination, and the interest of justice, pending interlocutory appeal).  Although this case has been pending for over 25 months, and defendant has been in detention for over 24 months, no time has come off the Speedy Trial Act clock.

   While now noting the Government's objections, defendant's motion (Docket No. 122) remains **granted** (see Docket No. 123); the Government's time to respond to any defense motions will be adjusted commensurate with the additional time granted to defendant here; responses will be due **August 31, 2005**. **Motion return date now Friday, September 2, 2005, at 10:30 am, before the undersigned.**  If, due to the complexity or scope of defendant's motion (or motions) the Government determines that it needs additional time, it will not be prejudiced in seeking it.  The government's requests to preclude defendant from either making further motions or making motions for extensions of time are **denied** (see Docket No. 105, Order at 3).  Time in this case remains excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(F) (for pending motions) and (h)(8)(A) (ends of justice are served by the adjournment and outweigh the best

interest of the public and the defendant in a speedy trial) and no time has run off the Speedy Trial clock.

    So Ordered.

                                                  s/HBS
                                    Hon. Hugh B. Scott
                            United States Magistrate Judge

Dated: Buffalo, New York
       July 22, 2005