UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

DECISION AND ORDER
03-CR-62A

JOSEPH DETTELIS,

         Defendant.

## **BACKGROUND**

The defendant, Joseph Dettelis, is charged in a twenty-count indictment with filing false income tax returns in violation of 26 U.S.C. § 7206(2), making false claims against the United States (for tax refunds) in violation of 18 U.S.C. § 287, and making false statements to an agency of the United States, in violation of 18 U.S.C. § 1001(a).

The defendant is currently proceeding *pro se* in this criminal matter. He has been appointed standby counsel to assist him.

Defendant initially appeared before Magistrate Judge Hugh B. Scott on May 1, 2003 and pleaded not guilty to the charges. The government moved for an order of pretrial detention on the ground that the defendant posed a risk of flight. A detention hearing was held on May 6, 2003. Both parties proceeded by

proffer at the hearing. Following the hearing, Magistrate Judge Scott ordered that the defendant be detained pending trial finding that he posed a risk of flight.

The defendant moved for reconsideration of the Magistrate Judge's detention order. See Dkt. No. 57. On February 2, 2004, Magistrate Judge Scott denied reconsideration. See Dkt. No. 68. The defendant then appealed the order of detention to this Court. See Dkt. Nos. 71, 72, 73, 77, 82, 86, 90 and 94. The government opposed the defendant's appeal. Oral argument on the appeal was held on April 22, 2005. On April 25, 2005, the Court granted the defendant's appeal and ordered his release upon the posting of $100,000 bail, secured by cash or property.[1] See Dkt. No. 103.

On May 11, 2005, the defendant appealed this Court's bail order to the United States Court of Appeals for the Second Circuit. After filing his appeal to the Circuit Court, the defendant filed several other motions in this Court requesting modification or reduction of bail. See Dkt. Nos. 110, 112, 117 and 121. On July 27, 2005, the defendant filed a motion to stay the proceedings in District Court pending his appeal of the bail order. [2]

---

[1] The Court specified that any property posted must be free from all encumbrances, liens and mortgages, or that the encumbrances be surrogated.

[2] The Court notes that the defendant currently has several appeals pending before the Second Circuit. See Dkt. Nos. 107, 125, and 126. However, it does not appear that those are proper interlocutory appeals and therefore would not provide a basis for staying the criminal proceedings.

**DISCUSSION**

The defendant's motions to reduce or modify his bail are denied. See Dkt. Nos. 110, 112, and 121. Additionally, the defendant's motion for an extension of time to file a reply brief, Dkt. No. 117, is denied as moot. The defendant filed his reply on June 30, 2005 and the Court has considered it.

The defendant's motion for a stay pending appeal is also denied. In determining whether to grant a stay pending appeal, the Court considers the following factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Cooper v. Town of East Hampton, 83 F.3d 31, 36 (2d Cir. 1996).

These factors weigh against granting the requested stay. The defendant has failed to make any showing that he is likely to succeed on the merits of his bail appeal. In reaching the bail determination, this Court carefully considered the factors set forth in 18 U.S.C. § 3142(g) and the evidence presented by the government at the detention hearing, and found that the posting of $100,000 bail was necessary and reasonable to secure the defendant's presence at trial. In light of the circumstances in this case, the Court finds it unlikely that the defendant will succeed on his claim that bail is excessive.

Nor has he shown that he will be prejudiced absent a stay.  In fact, it appears the opposite is true.  The defendant argues that he has been prejudiced because he has been in pretrial detention for about 25 months.  However, the defendant himself is responsible for most of the pretrial delays.  He made numerous motions for an extension of time to file his pretrial motions, all of which were granted.  See Dkt. No. 127.  He also made numerous motions for release on bail.  The filing of these motions has resulted in the trial being delayed.  The pretrial proceedings were also delayed as a result of the defendant's refusal to work with two different court appointed attorneys.  Instead, he has chosen to proceed *pro se* in this criminal matter.  He now seeks to further delay trial by staying all proceedings pending appeal.  Under all of the circumstances, the Court finds that the motion for a stay pending appeal should be denied.  The defendant, the government and the public all have an interest in a speedy trial.

## CONCLUSION

The defendant's motions for reduction or modification of this Court's bail order are denied.  See Dkt. Nos. 110, 112 and 121.  Defendant's motion for an extension of time to file a reply brief is denied as moot.  See Dkt. No. 117.  The defendant's motion for a stay pending appeal is also denied.  See Dkt. No. 128.

IT IS SO ORDERED.

/s/ Richard J. Arcara
_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: August  10 , 2005