UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

DECISION AND ORDER
v.                                                          03-CR-62A

JOSEPH DETTELIS,

Defendant.

On December 7, 2005, following a three-week trial, the defendant, Joseph Dettelis, was found guilty of eleven counts of filing false incomes tax returns in violation of 26 U.S.C. § 7206(2), five counts of making false claims against the United States in violation of 18 U.S.C. § 287, and four counts of making a false claim to a United States agency in violation of 18 U.S.C. § 1001(a).

On December 9, 2005, the defendant, who has proceeded *pro se* in this criminal matter since November 2004, requested additional time to file his Rule 29 and/or Rule 33 motions.  The defendant also requested an opportunity to file a motion relating to his claim that his speedy trial rights were violated.  The Court granted the defendant's request for additional time and the defendant was directed to file any motions that he wanted the Court to consider by January 9, 2006.  During the December 9th appearance, the defendant also requested release on bail pending sentencing, which the Court denied.

The defendant failed to file his Rule 29, Rule 33 or speedy trial motions by January 9, 2006, or to request additional time to do so.  Instead, on January 30, 2006, the defendant filed a motion "for time served credit, release from imprisonment and to reschedule post-trial and tabled motions."  <u>See</u> Dkt. No. 173.  In his motion, the defendant once again requested release on bail, asked for an order directing the Probation Office to revise its initial calculations under the United States Sentencing Guidelines, and requested additional time to file his Rule 29, Rule 33 and speedy trial motions.  On February 24, 2006, the government filed a response in opposition to the defendant's motion.   The motion was deemed submitted on the papers without oral argument.

## <u>DISCUSSION</u>

**A.     <u>Extension of Time to File Post-Trial Motions</u>**

The government objects to the defendant's request for additional time to file his post-trial motions on the ground that his request is untimely.

The time for filing a post-verdict motion for judgment of acquittal is set forth in Rule 29(c), which provides:

> A defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict or after the court discharges the jury, whichever is later.

<u>See</u> Fed. R. Crim. P. 29(c)(1).

Rule 33 sets forth the time period for filing a motion for a new trial. Pursuant to Rule 33(b), a motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty.  <u>See</u> Fed. R. Crim. P. 33(b)(2).  Rule 45(b)(1) limits this Court's authority to extend a time period prescribed by the Federal Rules of Criminal Procedure.  Rule 45(b)(1) provides:

> When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made:
>
> **(A)** before the originally prescribed or previously extended time expires; or
>
> **(B)** after the time expires if the party failed to act because of excusable neglect.

<u>See</u> Fed. R. Crim P. 45(b)(1).  In this case, the jury returned its verdict of guilty on December 7, 2005, and was discharged on that same day.  On December 9th, the defendant requested and was granted an extension of time to file his Rule 29 and Rule 33 motions.  The Court ordered that the defendant file any post-trial motions by January 9, 2006.  The defendant failed to do so.  Nor did the defendant file a motion for a further extension before January 9th.   The defendant waited until January 30, 2006, three weeks after the deadline had passed, to file his motion to further extend the time period set forth in Rules 29 and 33.  Pursuant to Rule 45(b)(1), the Court lacks authority to grant a further extension.

In <u>Carlisle v. United States</u>, 517 U.S. 416 (1996), the Supreme Court held that a district court does not have authority to grant a defendant's untimely motion for judgment of acquittal.  In that case, the defendant's motion for judgment of acquittal had been filed *one day* after the time period set forth in Rule 29(c) had expired.  The Court explained that the Federal Rules are "plain and unambiguous" and that "there is simply no room in the text of Rules 29 and 45(b) for the granting of an untimely postverdict motion for judgment of acquittal. . . ." <u>Id.</u> at 421.  More recently, in <u>Eberhart v. United States</u>, 126 S. Ct. 403 (2005), the Supreme Court clarified its holding in <u>Carlisle</u>, explaining that the time period set forth in Rules 29, 33 and 45 were not jurisdictional, but were "claim-processing rules" that were subject to waiver and forfeiture if not properly invoked by the opposing party.  <u>Id.</u> at 405.  Where properly invoked, however, "district courts must observe the clear limits of the Rules of Criminal Procedure . . . ." <u>Id.</u> at 406.

In this case, the government has properly invoked the issue of timeliness,  therefore the forfeiture exception set forth in <u>Eberhart</u> does not apply. Instead, pursuant to <u>Carlisle</u>, this Court's authority to grant the defendant's request for an extension is limited by the unambiguous language of Rule 45(b)(1). Pursuant to Rule 45(b)(1)(A), the defendant had until January 9, 2006, to file his Rule 29 or Rule 33  motions, or to request an extension of time to do so.  The defendant failed to meet this deadline.  Therefore, his request for an extension of time to file his post-trial motions is untimely.

4

Pursuant to Rule 45(b)(1)(B), this Court may permit the defendant to file an untimely motion under Rule 29 or Rule 33 if the Court finds that his failure to timely request an extension was the result of excusable neglect.[1]  In Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993), the Supreme Court referred to "excusable neglect" as an "elastic concept," suggesting that the determination is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission,"  Id. at 395.  Factors to be considered in evaluating excusable neglect include: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." Id.  See also Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003), cert. denied, 540 U.S. 1105 (2004).

Upon consideration of the Pioneer factors and the circumstances of this case, the Court finds that the defendant has failed to show excusable neglect. The defendant had ample time within which to file his post-trial motions.  Not only

---

[1]  Rule 45 was amended in 2005 to permit a court to extend the time set forth in Rules 29 and 33 if the defendant's failure to file a timely motion was based upon excusable neglect. Prior to the amendment, Rule 45 permitted a court to extend the time for taking action under Rules 29 or 33 only as provided in those rules.  Those rules permitted the court to extend the time for filing a Rule 29 or 33 motion only if the request for an extension was filed before the expiration of the seven-day period set forth in the rule, with no exception for excusable neglect.

did the defendant fail to file his post-trial motions within the extended time frame that *he* had requested, but he also waited approximately 3 weeks before requesting additional time to make the contemplated motions.

As a reason for his untimeliness, the defendant claims that he suffered from "seasonal affective disorder"[2] commencing on or about December 1, 2005 and continuing after December 9th.  See Dkt. No. 173, at ¶ ¶ 10-12.  The Court finds this basis insufficient to excuse his delay.  The defendant's January 30, 2006 motion contains substantive arguments relating to his motion for bail and his objections to the Probation Officer's initial guidelines calculations.  Clearly, the defendant's seasonal affective disorder did not interfere with his ability to make that motion or to represent himself during the trial.  Furthermore, although the defendant is proceeding *pro se*, the Court has appointed standby counsel to assist him with such matters.  The Court is confident that standby counsel would have been more than willing to assist the defendant in making his post-trial motions had the defendant simply requested.[3]

While a three-week delay in making the motion for an extension might not be not significant in every case, in the context of this case, it is.  Sentencing is

---

[2] As the Court understands it, "seasonal affective disorder" is a form of depression brought on by a lack of sunlight.  The defendant does not elaborate on the symptoms that he experienced from this malady or how they affected his ability to file a timely motion.

[3] At the very least, standby counsel would have filed a motion for an extension of time on the defendant's behalf.

currently scheduled for May 10, 2006.  If the Court were to grant the defendant additional time to file his post-trial motions, the defendant's sentencing would have to be further delayed pending briefing and consideration of those motions.  This case is already several years old, and the defendant claims in his motion that he has already served (in pretrial detention) the recommended sentencing guidelines range.  It is not in his interest to grant a further delay of the proceedings.  Nor is it in the interest of the government or the public.  The Court also notes that denial of the requested extension will not prejudice the defendant, as he still has other legal avenues available to him to challenge the sufficiency of the evidence, most notably, his direct appeal.  See Carlisle, 517 U.S. at 436 (Ginsburg, J., concurring) (noting that, notwithstanding the denial of an untimely Rule 29 motion, the defendant still could pursue the issue of sufficiency of the evidence on direct appeal or in a collateral attack on his conviction).  Because the Court finds that the defendant has not shown excusable neglect for failing to file his Rule 29 and 33 motions timely, the Court finds that his request for an extension of time must be denied.  See Fed. R Crim. P. 45(b)(1)(B).

**B.    Extension of Time to File Pretrial Motions**

Similarly, the Court finds that the defendant's request for an extension of time to file his pretrial motions should also be denied.  As noted in the

government's opposition papers, throughout these criminal proceedings, the

defendant was granted numerous extensions within which to file any pretrial

motions.  To the extent that the defendant wanted to file a motion to suppress

evidence or to dismiss on speedy trial grounds, there was ample opportunity to do

so.  Instead, the defendant directed most of his energy at challenging the basis for

his pretrial detention.[4]  Nevertheless, cognizant of the defendant's *pro se* status

and in an effort to afford him every accommodation, the Court granted his request

on December 9th and gave him 30 days within which to file *any* motions for the

Court's consideration.  The defendant failed to file any motions by that date.

Given that the trial has concluded and that sentencing is scheduled for next week,

the Court finds that the time for filing any pretrial motions has long since expired.

Accordingly, the defendant's request for an extension to file speedy trial and/or

other pretrial motions is denied.


**C.    Other Relief**

            In his motion, the defendant asks this Court to order the Probation

Officer to alter his initial calculations as to the applicable sentencing guidelines.

Disputed issues relating to the applicable sentencing guidelines will be resolved at

---

[4]  The defendant filed numerous motions challenging the basis for his pretrial detention, all of which were denied.  He also appealed that issue to the United States Court of Appeals for the Second Circuit.  On November 15, 2005, the Second Circuit denied his request for pretrial release and dismissed his appeal.

sentencing.  Accordingly, the defendant's motion is denied.

Finally, the defendant again requests release on bail pending sentencing.  As stated, sentencing is scheduled for next week.  Accordingly, the defendant's motion for release on bail is also denied.

## CONCLUSION

For the reasons stated, the Court hereby denies the defendant's motions:  (1) for an extension of time to file his pretrial and post-trial motions; (2) for release on bail pending sentencing; and (3) for an order directing the Probation Officer to amend his calculations under the United States Sentencing Guidelines.

IT IS SO ORDERED.

_/s/ Richard J. Arcara_

HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: May 2, 2006