UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                                                             DECISION AND ORDER
            v.                                                               03-CR-62A

JOSEPH DETTELIS,

                     Defendant.

---

## **INTRODUCTION**

On December 7, 2005, following a three-week trial, the defendant, Joseph Dettelis, was found guilty of eleven counts of filing false income tax returns in violation of 26 U.S.C. § 7602(2), five counts of making false claims against the United States in violation of 18 U.S.C. § 287, and four counts of making a false statement to a United States agency in violation of 18 U.S.C. § 1001(a).

Currently before the Court is a motion by the government for costs of prosecution, and a motion by the defendant for return of defense discovery material. Both motions have been fully briefed and submitted without oral argument. For the reasons stated, the government's motion

for costs is granted, and the defendant's motion for return of discovery material is denied as moot.

## DISCUSSION

**A.     Costs of Prosecution**

Pursuant to 26 U.S.C. § 7206(2), whoever

> [w]illfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter . . . shall be guilty of a felony and, upon conviction thereof, *shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 3 years, or both, together with the costs of prosecution*.

See 26 U.S.C. § 7206(2) (emphasis added). As the government correctly notes, the imposition of costs under § 7206 is mandatory. The statute is clear in its directive that the Court "*shall*" impose the costs of prosecution. Other courts that have considered this issue have reached the same conclusion. See United States v. Jungels, 910 F.2d 1501, 1503-04 (7th Cir. 1990); United States v. Palmer, 809 F.2d 1504, 1506 (11th Cir. 1987); United States v. Wyman, 724 F.2d 684, 688 (8th Cir. 1984); United States v. Chavez, 627 F.2d 953, 955 (9th Cir. 1980) ("The use of the word 'shall'

in the statute . . . indicates an intention that the statute should be construed as mandatory."), cert. denied, 450 U.S. 924 (1981).  Imposition of costs is mandatory even where the defendant has been found to be indigent.  See e.g. Jungels, 918 F.2d at 1503-04.

  Defendant argues that the mandatory imposition of costs violates his constitutional right to proceed to trial.  He argues that it was his right to challenge the government's proof and demand that they meet their burden at trial.  The Supreme Court has repeatedly cautioned that "not every burden on the exercise of a constitutional right, and not every pressure or encouragement to waive such a right, is invalid.  Specifically, there is no *per se* rule against encouraging guilty pleas."  See Corbitt v. New Jersey, 439 U.S. 212, 218-19 (1978).

  In Chavez, the Ninth Circuit considered and rejected the defendant's argument that the mandatory imposition of costs of prosecution impermissibly burdened the exercise of his constitutional rights.  See Chavez, 627 F.2d at 957.  The Eleventh Circuit reached the same conclusion in United States v. Palmer, 809 F.2d 1504, 1507-08 (11th Cir. 1987), and held that the imposition of mandatory costs of prosecution does not needlessly chill a defendant's right to proceed to trial.  See also United States v. Glover, 588 F.2d 876 (2d Cir. 1978) (holding that the

imposition of *discretionary* costs of prosecution does not impose an unnecessary burden upon the exercise of a defendant's constitutional rights).[1]  This Court agrees with the Ninth and Eleventh Circuits and finds that § 7602 does not impermissibly burden a defendant's right to proceed to trial.

In terms of the amount of costs to be imposed, the government requests fees in the amount of $10,000, comprising $3,900 for photocopying expenses, $3,262.63 for witness fees, and $2,935.90 for transcript costs.  Costs for these services are all permissible under § 7206.  See United States v. Procario, 361 F.2d 683 (2d Cir. 1966).  Accordingly, the government's motion for the costs of prosecution in the amount of $10,000 is granted.

B.   **Return of Discovery Material**

The defendant has moved for return of discovery material that the government had obtained from the Batavia Federal Detention Center, where the defendant was being housed.  The defendant had requested

---

[1] The Court notes that, in dicta, the Second Circuit hypothesized that a statute directing the *mandatory* imposition of costs of prosecution *might* provide "some basis for concern" that it served to chill the exercise of constitutional rights.  See Glover, 588 F.2d at 878.  However, because the Second Circuit did not expressly reach that issue, the Court finds that the language in Glover is not controlling.  The Court is persuaded by the reasoning of the Ninth and Eleventh Circuits, and believes that the Second Circuit would reach the same conclusion.

that the government provide him with photocopies of certain discovery material. The government complied with this request, but upon arrival of the documents at the Detention Center, the defendant refused to accept them because he did not have sufficient space in his cell for all of the material. In any event, this issue is now moot as the government's attorney personally delivered the requested documents to the defendant during a court proceeding on May 11, 2006.[2] Accordingly, this motion is denied as moot.

## **CONCLUSION**

For the reasons stated, the government's motion for costs of prosecution in the amount of $10,000 is granted, and the defendant's motion for return of certain discovery material is denied as moot.

IT IS SO ORDERED.

/s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: May 12, 2006

---

[2] The parties appeared for sentencing on May 11, 2006, and the government provided the documents to the defendant at that time.