UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                  DECISION AND ORDER
        v.                                               03-CR-62A

JOSEPH DETTELIS,

                           Defendant.

## INTRODUCTION

Currently before the Court are motions by the defendant Joseph Dettelis: (1) to withdraw a notice of appeal filed on May 25, 2006 and for an extension of time to file a new notice of appeal, (2) to amend or correct his sentence, and (3) for release pending appeal under 18 U.S.C. § 3143 (b)(1). For the reasons stated below, the defendant's motions are denied.

## BACKGROUND

On March 11, 2003, the defendant was indicted on eleven counts of willfully aiding or assisting in or procuring, counseling, or advising the preparation of false income tax returns in violation of 26 U.S.C. § 7206(2), five counts of making a false claim against the United States in violation of 18 U.S.C. § 287, and four counts of making a false statement to an agency of the United States in violation of 18 U.S.C. § 1001(a)(3). On December 7, 2005, the defendant was found guilty on all twenty counts of the indictment. See Dkt. No. 199.

1

On May 10, 2006, the defendant was sentenced to a term of 36 months of imprisonment on counts one through eleven, and 50 months of imprisonment on counts twelve through twenty, all to run concurrently. Defendant was also placed on supervised release following imprisonment for a period of one year on counts one through eleven, and a period of three years on counts twelve through twenty, to run concurrently. Judgment was entered on May 16, 2006.

On May 18, 2006, the defendant, who has proceeded *pro se* in this criminal matter, filed a *pro se* motion for release from custody pending appeal. See Dkt. No. 198. On May 22, 2006, the defendant filed a *pro se* motion to amend or correct his sentence pursuant to Fed. R. Crim. P. 35(a). See Dkt. No. 201. On May 25, 2006, the defendant's standby counsel (acting on the defendant's behalf) filed a notice of appeal. See Dkt. No. 203. On May 31, 2006, the defendant filed a *pro se* motion to withdraw the notice of appeal filed by his standby counsel on May 25th and requested an extension of time to file a new notice of appeal. See Dkt. No. 211. The defendant filed an amended motion seeking essentially the same relief on June 5, 2006. See Dkt. No. 212.

## DISCUSSION

**A.     Motion to Withdraw the May 25th Notice of Appeal and for an Extension of Time to File a new Notice of Appeal.**

The defendant seeks to withdraw the notice of appeal filed by his standby counsel on May 25th so as to permit this Court to rule on his motion for release pending appeal. The defendant is concerned that the filing of the May 25th notice of appeal divested this Court of jurisdiction to hear his motion for release pending appeal, which

as noted was filed on May 18, 2006.  As this is the only basis for withdrawing the May 25th Notice of Appeal, Court finds that the defendant's motion should be denied.  This Court has jurisdiction to consider the defendant's motion for release pending appeal notwithstanding the filing of his notice of appeal on May 25, 2006.  See <u>United States v. Franchi</u>, 786 F. Supp. 520 (W.D.Pa. 1991).  Likewise, the filing of the notice of appeal did not divest the Court of jurisdiction to determine the defendant's motion to amend or correct his sentence under Rule 35(a).  See Fed. R. App. 4(b)(5).  Since this Court has jurisdiction to decide the defendant's outstanding motions, there is no need to rescind the May 25th notice of appeal, or grant the defendant an extension of time to file a new notice of appeal.

**B.**     **Motion to Correct or Amend his Sentence**

The defendant moves to amend or correct his sentence under Rule 35(a).  Rule 35(a) permits the Court, within seven days after sentencing, to "correct a sentence that resulted from arithmetical, technical or other clear error."  Fed. R. Crim. P. 35(a).  The motion to amend or correct the defendant's sentence is denied.  Although the defendant takes issue with the sentence imposed, the Court finds no arithmetical, technical or other "clear error" and no basis to reduce the defendant's sentence.

**C.**     **Motion for Release Pending Appeal**

The defendant moves for release pending appeal pursuant to 18 U.S.C. § 3143(b)(1).  To obtain a release pending appeal under 18 U.S.C. § 3143, a defendant must show:

>> (A) by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
>> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in:
>
>>> (i) reversal,
>>>
>>> (ii) an order for a new trial,
>>>
>>> (iii) a sentence that does not include a term of imprisonment, or
>>>
>>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

See 18 U.S.C. § 3143(b)(1). The Second Circuit Court of Appeals has summarized those conditions as follows:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for the purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if the substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed.

United States v. Randell, 761 F.2d 122, 125 (2d Cir.), cert. denied, 474 U.S. 1008 (1985). A "substantial question" is "one of more substance than would be necessary to a finding that it was not frivolous. It is a close question or one that very well could be decided the other way." Id. (internal citation and quotation marks omitted). It is the defendant's burden to establish that he has met the requirements for release pending appeal.

The defendant has failed to meet the statutory requirements for release pending appeal because he cannot satisfy subsection (B) of § 3143(b)(1). All of the

issues raised in the defendant's motion are issues that were previously raised, briefed, and fully considered by this Court.  None of the issues raised by the defendant are close questions that "very well could have been decided the other way." <u>Randell</u>, 761 F.2d at 125.  Accordingly, the defendant has failed to show that any of the issues he intends to raise on appeal raise a "substantial question" that would result in: (1) a reversal, (2) an order for a new trial, (3) a sentence not including a term of imprisonment, or (4) a reduced term of imprisonment less than the time already served and expected to be served during the appeal.  Because the defendant is unable to satisfy any of the conjunctive requirements for § 3143(B), his motion must be denied.

## **CONCLUSION**

For the reasons stated, the defendant's motions to withdraw his May   notice of appeal, to amend or correct his sentence, and for release pending appeal under 18 U.S.C. § 3143(b), are denied.

IT IS SO ORDERED.

*/s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: July   26, 2006