UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

                                               DECISION AND ORDER
          v.                                      03-CR-62A

JOSEPH DETTELIS,

                Defendant.

───────────────────────────────

On December 7, 2006, the defendant, Joseph Dettelis, was found guilty of eleven counts of filing false income tax returns in violation of 26 U.S.C. §7206(2), five counts of making false claims against the United States in violation of 18 U.S.C. §287 and four counts of making false statements to an agency of the United States in violation of 18 U.S.C. §1001(a).  On March 15, 2006, the defendant was sentenced to 50 months of imprisonment and three years of supervised released. The Court imposed a Special Condition of Release prohibiting the defendant from employment that involved the preparation of tax returns for any individual or business. The Court granted the government's motion for costs in the amount of $10,000.

The defendant's supervised release period commenced on January 3, 2007.  On March 30, 2007, the United States Probation Office filed a request that the defendant's conditions of release be modified to add various conditions including that the defendant maintain gainful employment independent of any proposed self-

employment venture; that he provide the Probation Office with verification of his employment; that he be prohibited from being self- employed and establishing any business and/or corporate entity throughout the term of his supervision without the approval of USPO; and that he be prohibited from acting in the capacity of or serving as Power of Attorney for any individual or other entity.  The modification request was made in response to the defendant's apparent refusal to comply with Probation Office requests that he maintain gainful employment (exclusive of self-employment) and that he provide the Probation Office with requested documentation.  On April 20, 2007, the defendant appeared on the petition and consented to the proposed modification.

On March 20, 2008, the defendant filed a motion for early termination of his supervised release under 18 U.S.C. § 3583(e)(1).  The government filed a response opposing early termination on April 16, 2008.  For the reasons stated, the motion is denied.

## DISCUSSION

The defendant has moved for early termination of his supervised release under 18 U.S.C. § 3583(e), which provides:

> The court may, after considering the factors set forth in [18 U.S.C. § 3553(a)] . . . (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e).  The Second Circuit has explained that:

> Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances. Occasionally, changed circumstances-for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release-will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).

See *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); see also *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005). ("Changed circumstances that justify early termination include a defendant's exceptionally good behavior that makes the previously imposed term of supervised release either too harsh or inappropriately tailored to serve general punishment goals.") (quotation omitted). In determining whether to grant early termination, the Court must also consider the factors set forth in § 3553(a).

Upon consideration of the § 3553(a) factors, the Court finds that the defendant's motion should be denied. At the outset, the Court notes that the defendant has not demonstrated the kind of "exceptionally good behavior" that would warrant early termination. The defendant has a history of failing to recognize the authority of this Court and of his Probation Officer. Indeed, the defendant's failure to comply with various Probation Office requests led to this Court's decision to impose a modification of his conditions. The criminal convictions in this case stem from his untenable position that he was not required to comply with various tax statutes. The defendant also repeatedly maintained - before and during trial - that he was not subject to the jurisdiction of this Court.

In sum, the Court finds no reason to grant the requested relief and finds that this defendant should be required to serve the entire period of supervised release that was initially imposed at sentencing.

SO ORDERED.

s/ *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: May 19 , 2008